UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    Plaintiff,<br><br>v.<br><br>ONLINE-REGISTRIES, INC. and DAVID G. STERN,<br>    Defendants,<br><br>and<br><br>MICHELE RITTER,<br>    Relief Defendant. | C.A. No. 10-433-M |

## ORDER OF CIVIL CONTEMPT

The Court has conducted a de novo review of the Magistrate Judge's Report and Recommendation ("R&R") concerning Plaintiff's Motion for Issuance of Order of Civil Contempt Against Defendant David G. Stern (ECF No. 80) pursuant to 28 U.S.C. § 636(b)(1)(C). *See United States v. Raddatz*, 447 U.S. 667, 673-74 (1980). The Court also reviewed the underlying Motion (ECF No. 36), Opposition (ECF No. 37), and Reply (ECF No. 38), as well as Plaintiff's Objection to the R&R (ECF No. 81) and defendant Mr. Stern's "Clarification." (ECF No. 82.) As a result of this review, the Court rejects the R&R and GRANTS Plaintiff's Motion for Issuance of Order of Civil Contempt Against Defendant David G. Stern for both the reasons set forth in Plaintiff's Objection to the R&R and the reasons set forth below.

It is clear to the Court that defendant Mr. Stern has violated the Preliminary Injunction ("PI").[1] The evidence is undisputed that Mr. Stern copied the website of Online Medical Registries ("OMR"), the business name of his co-defendant Online-Registries, Inc. and the subject of this Securities and Exchange Commission ("Commission") complaint. This violates section 3.(III)(a) of the PI, which prohibits Mr. Stern from transferring, assigning or alienating any of OMR's assets. Those assets do not belong to Mr. Stern, but to the investors of OMR.

Furthermore, the Court finds that Mr. Stern violated section 3.(V) of the PI when he solicited investors for Instant Access LLC d/b/a Instant Medical Access ("IMA"). The PI prohibits Mr. Stern from soliciting investors "in OMR or otherwise." It is clear to the Court that the inclusion of the phrase "or otherwise" as part of the PI's prohibition encompasses the solicitation of investors in IMA.

Finally, the Court finds that Mr. Stern violated Section X of the PI because he paid an individual to work on the IMA site. That section of the PI prohibits him from spending money for matters that are not on the enumerated list of expenses in subsection (c). Spending money for work on the IMA site is not included on that list therefore Mr. Stern violated this provision of the PI.

For each and all of these reasons, the Court finds that defendant David G. Stern is in civil contempt of court for violating the PI. It is therefore ORDERED as follows:

1. As described in the Commission's moving papers, Mr. Stern's solicitation of investors in IMA; his diminishing of the corporate assets of OMR; and his unauthorized payments constitute violations of Paragraphs (III)(a); (V); and (X) of the PI;

---

[1] The PI entered on March 7, 2011(ECF No. 24), and an Order entered on March 30, 2012 correcting a typographical error in that document; therefore, the operative PI is ECF No. 24 with the typographical correction contained in the March 30, 2012 Order.

2

2. As a result of the violations referenced in paragraph (1) above, Mr. Stern is hereby found and adjudged to be in contempt of the PI;

3. Mr. Stern is immediately barred from making any further payments to Michael Tracey Zellman or any other individual or entity, except as permitted in Paragraph (X)(c) of the PI;

4. Mr. Stern shall provide to the Commission, within fourteen (14) calendar days of entry of this Order, documentation detailing every payment he has made in excess of $50 since November 5, 2010 *(i.e.,* Mr. Stern must indicate (a) when the payment was made; (b) to whom it was made; and (c) the reason for the payment);

5. Mr. Stern shall provide to the Commission, within fourteen (14) calendar days of entry of this Order, a complete account of the sources of all income, funding, or money Mr. Stern has received since October 20, 2010;

6. Mr. Stern shall provide to the Commission, within seven (7) calendar days of entry of this Order, a list of all investors, shareholders, owners, and partners in IMA, including their full names, addresses, telephone numbers, and email addresses;

7. Mr. Stern shall shutdown, within seven (7) calendar days of entry of this Order, any and all websites attributable to IMA, including any such websites utilizing the instantmedicalaccess.com domain name;

8. Mr. Stern is immediately barred from any usage of the IMA trade name and/or trademark; the instantmedicalaccess.com domain name; or any other trade name, trademark and domain name attributable to IMA;

9. Mr. Stern shall, within seven (7) calendar days of entry of this Order, transfer to OMR any and all trade names and/or trademarks attributable to IMA, thereby divesting himself of title to the trade names and/or trademarks and vesting them in OMR;

10. Mr. Stern shall, within fourteen (14) calendar days of entry of this Order, transfer to OMR the instantmedicalaccess.com domain name and any other domain name attributable to IMA, thereby divesting himself of title to the domain name(s) and vesting title to those domain name(s) in OMR;

11. Mr. Stern is immediately barred from forming any other business utilizing technology that is materially similar to the technology that OMR utilizes or that otherwise competes with OMR or provides overlapping services as that of OMR;

12. Mr. Stern shall provide to the Commission, within seven (7) calendar days of entry of this Order, any and all documents, communications, software, web-applications, computer code, web-pages, and the like relating to IMA that are in his possession, custody, or control;

13. If Mr. Stern further violates any Order of the Court, then the Court may impose additional penalties upon Mr. Stern; and

14. Nothing in this order shall lessen the scope or effect of the PI, which remains pending until otherwise ordered by the Court.

SO ORDERED:

/s/ John J. McConnell

John J. McConnell, Jr.
United States District Judge

Date: April 3, 2012