UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 10-433-M-DLM |
| v. | ) |
| ONLINE-REGISTRIES, INC., and DAVID G. STERN, | ) |
| Defendants, | ) |
| and | ) |
| MICHELE RITTER, | ) |
| Relief Defendant. | ) |

## ~~[PROPOSED]~~ AMENDED FINAL JUDGMENT AS TO DEFENDANT ONLINE-REGISTRIES, INC.

The Securities and Exchange Commission ("Commission") having filed a Complaint and defendant Online-Registries, Inc. ((d/b/a Online Medical Registries or "OMR") having failed to answer, plead or otherwise defend in this action, a default having been entered on February 15, 2011, a default judgment having been entered on June 21, 2011, and the Court having considered and granted the Commission's motion for imposition of monetary remedies against OMR and all of the pleadings and evidence submitted in support thereof; the Court hereby orders:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that OMR and OMR's agents, servants, employees, officers, directors, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that OMR and OMR's agents, servants, employees, officers, directors, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

2

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that OMR is liable for disgorgement of $197,875, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $24,997.22, for a total of $222,872.22.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that OMR shall pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)] in the amount of $0.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the payments required pursuant to Paragraphs III and IV above shall be made by money order, certified check or cashier's check made payable to the Clerk, United States District Court for the District of Rhode Island. The payments shall be mailed to the Clerk of the Court at the Federal Building and Courthouse, One Exchange Terrace, Providence, RI 02903, with a cover letter identifying OMR, the name and number of the action, and the name of this Court, and copies of the payment and cover letter shall be mailed to counsel of record for the Commission. Upon payment of the

disgorgement and/or penalty obligations set forth in Paragraphs III and IV above, OMR shall relinquish all legal and equitable right, title and interest in such payments, and no part of the funds shall be returned to it. The Clerk shall deposit the payments into an interest-bearing account in the name of the Court at Bank Rhode Island, 1 Turks Head Place, Providence, RI 02903. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in such interest-bearing account until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, and in accordance with Local Civil Rule 67(c), the Clerk is directed, without further Order of the Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as a civil penalty pursuant to this Final Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes.

## VI.

All funds and assets held in the name of, for the direct or indirect benefit of, or under the direct or indirect control of, OMR that were frozen pursuant to the Temporary Restraining Order issued on October 20, 2010 (Dkt. No. 2) and/or the Preliminary Injunction issued on March 7, 2011 (Dkt. No. 24), including but not limited to the $701.95 that was frozen in OMR's account at Newport Federal Savings Bank, plus any interest on those funds accrued to date, shall be paid to

the Clerk of Court for deposit into the Registry of the Court by mailing a check to the Clerk of the Court at the Federal Building and Courthouse, One Exchange Terrace, Providence, RI 02903, with a cover letter identifying OMR, the name and number of the action, and the name of this Court, and copies of the payment and cover letter shall be mailed to counsel of record for the Commission. Such funds shall be held in the Registry of the Court until further Court order.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over OMR as a party in this matter for all purposes, including enforcing the terms of this Final Judgment.

Dated: Sept. 25, 2012

_____
UNITED STATES DISTRICT JUDGE
John J. McConnell, Jr.