UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>ONLINE-REGISTRIES, INC., and DAVID G. STERN, )<br><br>Defendants, )<br><br>and )<br><br>MICHELE RITTER, )<br><br>Relief Defendant. ) | Civil Action No. 10-433-M-DLM |

## FINAL JUDGMENT AS TO DEFENDANT DAVID G. STERN

The Securities and Exchange Commission having filed a Complaint and Defendant David G. Stern ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

2

(c)     to engage in any transaction, practice, or course of business which operates or would

operate as a fraud or deceit upon the purchaser.

## III

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

liable for disgorgement of $197,875, representing amounts received as a result of the conduct alleged

in the Complaint, together with prejudgment interest thereon in the amount of $27,800.71, for a total

of $225,675.71.

## IV

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that based on

Defendant's sworn representations in his Statement of Financial Condition dated August 10, 2012,

and other documents and information submitted to the Commission, however, the Court is waiving

payment of disgorgement and prejudgment interest, and not imposing a civil penalty. The Court's

determination is contingent upon the accuracy and completeness of Defendant's Statement of

Financial Condition.  If at any time following the entry of this Final Judgment the Commission

obtains information indicating that Defendant's representations to the Commission concerning his

assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any

material respect as of the time such representations were made, the Commission may, at its sole

discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant

to pay disgorgement of $197,875, prejudgment interest of $27,800.71, post-judgment interest, and

the maximum civil penalty allowable under the law.  In connection with any such petition, the only

issue shall be whether the financial information provided by Defendant was fraudulent, misleading,

inaccurate, or incomplete in any material respect as of the time such representations were made.  In

its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

V

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

So ordered,

John J McConnell, Jr.
UNITED STATES DISTRICT JUDGE   12/5/12